MARTA VEGA, Plaintiff and Appellee, *v.* PEDRO SALOM, Defendant and Appellant.

No. 6455.   Argued December 14, 1934.—Decided November 15, 1935.

*R. Padró Parés* for appellant.   *Juan Lastra* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Pedro Salom was the lessee of the Hotel Central at the time of the accident in this case. The elevator of the hotel, as it transpires, was freely used by guests and employees. On the afternoon of March 9, 1931, the daughter of the plaintiff called for her mother at the hotel and both of them, with another passenger, entered the elevator. The mother was an

employee in the hotel. When the elevator reached the first floor it did not stop at the level. Some of the witnesses, expert or otherwise, say that the elevator stops, or has a tendency to stop, below the level of the floor. Others say it stopped above. In our opinion, the testimony tends to show that the elevator stops, on occasions, about a foot above the level of the floor. When the elevator failed to reach the level it was the practice of the operator, perhaps necessarily so, to take the elevator back to the second floor in order to reach the level of the first floor. From our examination of the evidence we are quite satisfied that the elevator came to a momentary stop on or about the first floor and that almost instantly the operator took the elevator back to the second floor. The elevator cage itself has no door and apparently had had none for some time. On leaving the first floor to go up to the second floor the outside door was either open or opened by somebody in the elevator. The probability is, from the expert testimony and otherwise, that the door was opened while the elevator was at rest and not after it had started. The daughter of the plaintiff tried to get off the car, and as it ascended, was struck by the shaft or the ceiling of the first floor and killed.

Some of the eyewitnesses of the plaintiff say that the operator opened the door. Several witnesses of the defendant say that the daughter of the plaintiff opened the door. The court found directly and emphasized the fact further on in its opinion, that the door was opened by the elevator man. It is clear that if the operator was negligent the defendant is responsible.

We may dispose rapidly of several assignments of error. The first was totally insufficient. Another of them was that the plaintiff's daughter had no right to use the elevator. Not only a general custom of using the elevator was shown, but on the day of the accident the defendant's employee permitted the deceased to ride as a passenger.

■ The complaint states a cause of action when it sets out in paragraphs 4 and 5 as follows:

"4.—And the plaintiff further alleges that on March 9, 1931, the minor Irene Agosto took the elevator above mentioned as a passenger, entering the same on the first floor to go to the fifth floor in search of her mother, the plaintiff, who worked as an employee of the defendant; that shortly after, at 5:15 p. m. of the said day, March 9, 1931, both the minor Irene and the plaintiff, returning to their home, took the elevator on the fifth floor going down to the first floor to reach the street; that being inside the elevator and while it was moving owing to a maneuver of the operator, Luciano Agosto, it stopped about one foot below the level of the first floor; that at that very moment, then and there, the operator, Luciano Agosto, reversed the apparatus sending it swiftly upwards; that such maneuver was the cause of the minor Irene Agosto being carried up two or three feet and colliding against a strip of wood outside, falling to the basement, crushing her head and dying instantly in the form and manner indicated; that at that moment the elevator's cables were loose, the railing in bad condition, and the door out of order, which showed want of inspection and of repairing.

"5.—The plaintiff further alleges that the facts above recited were due exclusively to the carelessness, negligence, and want of circumspection on the part of operator Luciano Agosto in handling the said elevator, and to the bad condition of the cables, railing and to the door of the said apparatus being out of order, as well as to the want of repairs and inspection, as alleged in the fourth paragraph of this complaint."

This was subject, of course, to immaterial variances or amendments actually made or that could have been considered made at the trial.

■ The presence of a witness during the trial of the case and before taking the stand was within the discretion of the court, and as his testimony only went to the amount of damages, the failure to exclude him was harmless.

We have some question whether the court ought not to have admitted evidence tending to show that a witness had made inconsistent statements in a preliminary examination by the district attorney. We get the idea from the record

and the opinion that the court had enough before it to doubt the veracity of the witness and that the court did not in fact rely upon the testimony so attacked.

The principal errors assigned are that the court erred in the weighing of the evidence and not finding that the plaintiff's daughter was guilty of contributory negligence.

The question of contributory negligence really goes to the main issue in the case as to whether the girl did or did not open the outside door. As the finding is that she did not, no further consideration of contributory negligence is necessary.

The testimony of the employee contained some inconsistencies especially with respect to the persons allowed to ride in the elevator. On the whole, however, it may be conceded that he did not believe that he had opened the door. Automatically he may have done so. In any event, we do not find enough in the record nor does the appellant convince us that the court erred in the weighing of the evidence.

There was some discussion of the doctrine of *res ipsa loquitur*, but under the facts it is unnecessary to consider it.

Finding no reversible error, the judgment should be affirmed.